IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE WILLIAMS, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>CREDIT PROTECTION ASSOCIATION, LP,<br><br>DEFENDANT. | Case No. 19-cv-06625<br><br>Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Michelle Williams, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically Plaintiff suffered a concrete informational injury as a result of Defendant's impersonating a government agency in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right

is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

5. Defendant also invaded Plaintiff's privacy by placing his account number in a barcode on the outside of an envelope.

## PARTIES

6. Plaintiff, Michelle Williams ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent debt allegedly owed for a defaulted Commonwealth Edison Company utility account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant Credit Protection Association, LP, Inc., ("CPA") is not registered to do business in Illinois. CPA is a Texas corporation with its principal place of business at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. (Exhibit A, Record from Texas Comptroller of Public Accounts).

8. Defendant CPA operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

9. CPA acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

10. CPA is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial & Professional Regulation).

## **FACTUAL ALLEGATIONS**

11. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Commonwealth Edison Company utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. CPA subsequently began collecting the alleged debt.

14. On or about June 17, 2019, CPA mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

15. The Letter conveyed various information regarding the account directly to Plaintiff, including the current balance due, the identity of the original creditor, and the original account number.

16. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

17. The Letter was mailed with no envelope, as a folding post card.

18. Above Plaintiff's name is a box, which states that it is "Form 1682."

19. The Letter then states the year of the form as "2019", with the first two digits in a hollowed-out font, with the second two digits in a solid font.

20. In the box are the words "Important Notice."

21. Finally, the word "Form" is written in vertical font next to the form number:



22. All of these designs are copied from forms published by the Internal Revenue Service.

23. The Letter is designed to appear that it was generated and sent by the Internal Revenue Service.

24. The unique font incorporated into the stamp, which uses a hollowed-out font for "20" and a solid font for "19," matches that used by the IRS:

     

         CPA Notice                       IRS Notice

(Excerpt from IRS Form W-4)

25. Furthermore, the placement of the word "Form" in a vertical font is also copied from IRS forms issued to taxpayers:

     

         CPA Notice                       IRS Notice

(Excerpt from IRS Form 1040)

26. CPA is using language and symbols to at least imply the communication is an important notice sent by the Internal Revenue Service.

27. The FDCPA prohibits the use of <u>any</u> language or symbol on an envelope when communicating with a consumer.

28. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

29. CPA used unfair means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, by mimicking the IRS on a collection notice.

30. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included symbols associated with the IRS on a collection letter.

31. On the back of the letter is a barcode which, when scanned, reveals an account number beginning in 3128. (Ex. C, Collection Letter).

32. The account number matches that of the account reported to the credit bureaus by CPA. (Exhibit D, Excerpt of Plaintiff's TransUnion Credit Report).

33. The barcode, when scanned by a device such as a smart phone, "…could 'expose plaintiff's financial predicament,' thus triggering privacy concerns under the FDCPA." *See Douglass v. Convergent Outsourcing,* 765 F.3d 299, 301-03 (3rd Cir. 2014).

34. Someone viewing the envelope could use the string of numbers to obtain information about the amount of Plaintiff's debt or other private information. *See Gonzalez v. FMS, Inc.,* No. 14 C 9424, 2015 U.S. Dist. LEXIS 87660, at *15 (N.D. Ill. July 6, 2015) (explaining that such a predicament runs afoul of the FDCPA while dismissing a case for revealing only a random string of numbers).

35. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included a bar code containing Plaintiff's account number on the back of the envelope.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

37. Plaintiff brings this action individually and as a class on behalf of two classes:

Class 1: IRS Class

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiff's Complaint (5) which states "Important Notice" and contains the year in two different fonts (6) sent between one year prior to the filing of this complaint to 20 days after.

Class 2: Barcode Class

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiff's Complaint (5) which contains a barcode of Plaintiff's account number on the outside of the envelope (6) sent between one year prior to the filing of this complaint to 20 days after.

38. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

39. As the Letter was a form letter, each class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

40. Plaintiff Williams's claims are typical of the claims of the classes. Common questions of law or fact raised by this class action complaint affect all members of each class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of each class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the classes would create a risk inconsistent or varying adjudications with respect to individual members of the classes would, as a practical matter, either be dispositive of the interests of other members of the classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

42. Plaintiff Williams will fairly and adequately protect and represent the interests of each class. The management of the class actions proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the classes, because Defendant's conduct was perpetrated on all members of each class and will be established by common proof. Moreover, Plaintiff Williams has retained counsel who has had prior classes certified, including class actions brought under the FDCPA.

**COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—IRS CLASS**

43. Plaintiff re-alleges the above as if set forth fully in this count.

44. CPA used unfair means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, by mimicking the IRS on a collection notice.

45. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included symbols associated with the IRS on a collection letter.

### **COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—BARCODE CLASS**

46. Plaintiff re-alleges the above as if set forth fully in this count.

47. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included a bar code containing Plaintiff's account number on the back of the envelope.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of her and the class and against Defendant as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

### **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com