**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHELLE WILLIAMS, on behalf )
of herself and all others similarly situated, )
                                                                       )
        PLAINTIFF, )
                          )        Case No. 19-cv-06625
v. )
                          )        Hon. John Robert Blakey
CREDIT PROTECTION ASSOCIATION, )
LP, )        Magistrate Judge Gabriel A. Fuentes
        DEFENDANT. )

## JOINT INITIAL STATUS REPORT

1. **Nature of the Case:**

   a. <u>Attorneys of Record</u>:

| | |
|---|---|
| Celetha Chatman | Lindsey Conley |
| Community Lawyers, LLC. | David Schultz |
| 20 N. Clark Street | Hinshaw & Culbertson LLP |
| Suite 3100 | 151 North Franklin Street, Suite 2500 |
| Chicago, IL 60602 | Chicago, IL 60606 |
| (312) 757-1880 | lconley@hinshawlaw.com |
| (312) 265-3227 (fax) | dschultz@hinshawlaw.com |
| cchatman@communitylawyersgroup.com | *Attorneys for the Defendant* |
| *Attorney for Plaintiff* | |

   b. <u>Jurisdiction</u>: Plaintiff alleges that 28 U.S.C. § 1331 provides this Court federal question jurisdiction over Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq.</u> ("FDCPA").

   c. <u>Nature of Claims</u>

   1. CPA allegedly used unfair means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, by mimicking the IRS on a collection notice.

2. CPA allegedly used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included symbols associated with the IRS on a collection letter.

3. CPA allegedly used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included a bar code containing Plaintiff's account number on the back of the envelope.

    d.    <u>Major Legal & Factual Issues For The Defendant</u>:

(1) The major issues for Defendant is whether CPA violated the FDCPA (which it denies); whether Plaintiff has suffered any damages as a result of any of CPA's conduct and the extent of any such damages.

    e.    <u>Major Legal & Factual Issues For the Plaintiff:</u>

(1) The major issues for the Plaintiff will be whether Defendant's communications with Plaintiff violated the FDCPA; whether Defendant is a debt collector, and the validity of Defendant's affirmative defenses.

    f.  Relief Sought

        i) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);
        ii) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);
        iii) and Such other or further relief as the Court deems proper

2. **Pending Motions and Case Plan:**

    a.    <u>Initial Status Hearing</u>: An initial status conference is hereby set for December 18, 2019, at 9:45 a.m. in Courtroom 1203.

    b.    <u>Pending Motions and Answers filed</u>: No motions are pending before the court. CPA's responsive pleading is due on December 13, 2019.

c. <u>Parties Discussions Re: MIDP</u>: The parties have not identified limitations or discovery issues to date. However, the parties have read and understand their obligations under the MIDP standing order.

d. <u>Proposed Discovery Plan</u>:

i) Based on the nature of the claims, the Parties currently anticipate written discovery and 2-3 depositions;
ii) MIDP Responses Due January 13, 2020;
iii) The Parties should issue written discovery on or before February 3, 2020.
iv) The Parties intend to submit a protective order in compliance with L.R. 26.2 and this Court's procedures.
v) The Parties suggest a fact discovery completion date of May 15, 2020.
vi) Parties do not anticipate expert discovery.
vii) The parties suggest a dispositive motion date of June 19, 2020.
viii) The parties suggest a tentative trial date of June of, 2021.

e. <u>Trial</u>: The Parties anticipate a trial would take 1-2 days.

3. **Consent to Proceed Before a Magistrate Judge:**

The Parties do not unanimously consent to proceed before a Magistrate Judge.

4. **Status of Settlement Discussions:**

a. Plaintiff has not made a class demand. Defendant has requested an individual settlement demand.

b. The parties do not request a settlement conference at this time. The parties can request the Court's permission for a referral to the magistrate judge for a settlement conference at a later date if it appears such a conference would be fruitful.

Dated: December 9, 2019

<div style="display: flex;">
<div>

*s/Celetha Chatman*
Celetha Chatman
Community Lawyers, LLC.
20 N. Clark Street
Suite 3100
Chicago, IL 60602
(312) 757-1880
(312) 265-3227 (fax)
cchatman@communitylawyersgroup.com
*Attorney for Plaintiff*

</div>
<div>

*s/ Lindsey Conley*
Lindsey Conley
David Schultz
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
lconley@hinshawlaw.com
dschultz@hinshawlaw.com
*Attorneys for the Defendant*

</div>
</div>

# CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on December 9, 2019 I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: December 9, 2019**                                          Respectfully submitted,

By: /s/ *Celetha Chatman*