## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHELLE WILLIAMS, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) CREDIT PROTECTION ASSOCIATION, LP, ) ) Defendant. ) | Case No. 19-cv-6625<br><br>Judge: John Robert Blakey |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, CREDIT PROTECTION ASSOCIATION, L.P. ("CPA"), by its attorneys, Justin M. Penn and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, in answer to Plaintiff's Complaint, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

**ANSWER: Defendant admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692, but Defendant denies Plaintiff as any such claims.**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**ANSWER: Defendant does not contest venue in this case. Defendant denies the remaining allegations in this paragraph.**

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

4. Specifically Plaintiff suffered a concrete informational injury as a result of Defendant's impersonating a government agency in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article Ill, even if he incurs no other injury[.]").

**ANSWER: Defendant denies the allegations contained in this paragraph.**

5. Defendant also invaded Plaintiff's privacy by placing his account number in a barcode on the outside of an envelope.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

## PARTIES

6. Plaintiff, Michelle Williams ("Plaintiff'), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent debt allegedly owed for a defaulted Commonwealth Edison Company utility account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER: Defendant admits that it attempted to collect an outstanding financial obligation from Plaintiff for a Commonwealth Edison Company account. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because it does not know where Plaintiff currently resides and the nature of the debt.**

7. Defendant Credit Protection Association, LP, Inc., ("CPA") is not registered to do business in Illinois. CPA is a Texas corporation with its principal place of business at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. (Exhibit A, Record from Texas Comptroller of Public

Accounts).

**ANSWER: Defendant states that it is a Texas limited partnership and is authorized to conduct business in Illinois. Defendant states that its principal place of business is located at 13355 Noel Road, Dallas, Texas. Defendant denies any remaining allegations in this paragraph.**

8. Defendant CPA operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

**ANSWER: Defendant admits that in certain circumstances and certain instances it collects debts owed to others. Defendant denies any remaining allegations contained in this paragraph.**

9. CPA acts as a debt collector, as defined by 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer-debts.

**ANSWER: Defendant admits that in certain circumstances and in certain instances it acts as a debt collector as defined by the FDCPA. Defendant admits that in certain circumstances and certain instances it uses the mail and telephone to collect debts owed to others. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding whether it acted as a debt collector with respect to Plaintiff. Defendant denies any remaining allegations contained in this paragraph.**

10. CPA is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial & Professional Regulation).

**ANSWER: Defendant admits that it holds a collection agency license from the Illinois Department of Financial and Professional Regulation.**

## FACTUAL ALLEGATIONS

11. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Commonwealth Edison Company utility account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER: Defendant admits that Plaintiff incurred a financial obligation for Commonwealth Edison Company. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph because it does not know the nature of and purpose for the debt.**

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

**ANSWER: Defendant admits Plaintiff did not pay the debt. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

13. CPA subsequently began collecting the alleged debt.

**ANSWER: Defendant admits that Plaintiff's financial obligation was placed with CPA for collection and that it attempted to collect Plaintiff's financial obligation.**

14. On or about June 17, 2019, CPA mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

**ANSWER: Defendant admits that it mailed correspondence dated June 17, 2019 to Plaintiff.**

15. The Letter conveyed various information regarding the account directly to Plaintiff, including the current balance due, the identity of the original creditor, and the original account number.

**ANSWER: Defendant admits that the June 17, 2019 correspondence contained**

**information regarding the account, but denies that the allegation in this paragraph accurately summarizes the nature and content of the letter when read as a whole.**

16. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

**ANSWER: Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17. The Letter was mailed with no envelope, as a folding post card.

**ANSWER: Defendant admits that it sent Plaintiff correspondence dated June 17, 2019 but denies the characterization that the correspondence was a postcard which would violate the FDCPA.**

18. Above Plaintiffs name is a box, which states that it is "Form 1682.

**ANSWER: Defendant denies that the allegation in this paragraph accurately and completely summarizes the nature, appearance and content of the letter when read as a whole.**

19. The Letter then states the year of the form as "2019", with the first two digits in a hollowed-out font, with the second two digits in a solid font.

**ANSWER: Defendant admits that "2019" appeared on the exterior of the correspondence but denies that the allegation in this paragraph accurately and completely summarizes the nature, appearance and content of the letter when read as a whole. Defendant denies any remaining allegations contained in this paragraph.**

20. In the box are the words "Important Notice."

**ANSWER: Defendant admits that "Important Notice" appeared on the exterior of the correspondence but denies that the allegation in this paragraph accurately and completely summarizes the nature, appearance and content of the letter when read as a whole. Defendant denies any remaining allegations contained in this paragraph.**

1026076\304736782.v1

21. Finally, the word "Form" is written in vertical font next to the form number:



**ANSWER: Defendant admits that "Form" appeared on the exterior of the correspondence but denies that the allegation in this paragraph accurately and completely summarizes the nature, appearance and content of the letter when read as a whole. Defendant denies any remaining allegations contained in this paragraph.**

22. All of these designs are copied from forms published by the Internal Revenue Service.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

23. The Letter is designed to appear that it was generated and sent by the Internal Revenue Service.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

24. The unique font incorporated into the stamp, which uses a hollowed-out font for "20" and a solid font for "19," matches that used by the IRS:



(Excerpt from IRS Form W-4)

**ANSWER: Defendant denies the allegations contained in this paragraph.**

25. Furthermore, the placement of the word "Form" in a vertical font is also copied from IRS forms issued to taxpayers:




CPA Notice     IRS Notice

(Excerpt from IRS Form 1040)

**ANSWER: Defendant denies the allegations contained in this paragraph.**

26. CPA is using language and symbols to at least imply the communication is an important notice sent by the Internal Revenue Service.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

27. The FDCPA prohibits the use of <u>any</u> language or symbol on an envelope when communicating with a consumer.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

28. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, Other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

**ANSWER: Defendant admits that the allegations in this paragraph accurately quotes a portion of the FDCPA but denies that Plaintiff has any such claim herein.**

29. CPA used unfair means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, by mimicking the IRS on a collection notice.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

30. CPA used language and symbols on an envelope other than the debt collector's

address, in violation of 15 U.S.C. §§ 1692f(8), when it included symbols associated with the IRS on a collection letter.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

31. On the back of the letter is a barcode which, when scanned, reveals an account number beginning in 3128. (Ex. C, Collection Letter).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

32. The account number matches that of the account reported to the credit bureaus by CPA. (Exhibit D, Excerpt of Plaintiff's TransUnion Credit Report).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

33. The barcode, when scanned by a device such as a smart phone, "…could 'expose plaintiff's financial predicament,' thus triggering privacy concerns under the FDCPA." *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 301-03 (3rd Cir. 2014).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

34. Someone viewing the envelope could use the string of numbers to obtain information about the amount of Plaintiff's debt or other private information. *See Gonzalez v. FMS, Inc.*, No. 14 C 9424, 2015 U.S. Dist. LEXIS 87660, at *15 (N.D. Ill. July 6, 2015) (explaining that such a predicament runs afoul of the FDCPA while dismissing a case for revealing only a random string of numbers).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

35. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included a bar code containing Plaintiffs account number on the back of the envelope.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257

(7th Cir. 1994).

**ANSWER: Defendant denies the allegations contained in this paragraph.**

## CLASS ALLEGATIONS

37. Plaintiff brings this action individually and as a class on behalf of two classes:

Class 1: IRS Class

(l) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiffs Complaint (5) which states "Important Notice" and contains the year in two different fonts (6) sent between one year prior to the filing of this complaint to 20 days after.

Class 2: Barcode Class

(l) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiffs Complaint (5) which contains a barcode of Plaintiffs account number on the outside of the envelope (6) sent between one year prior to the filing of this complaint to 20 days after.

**ANSWER: Defendant admits that Plaintiff attempts to bring a class action. Defendant denies a class exists or should be certified, denies that the Plaintiff or anyone has been damaged or is entitled to recover anything, and denies the remaining allegations in this paragraph, if any.**

38. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

**ANSWER: Defendant admits that in certain circumstances and certain instances it uses the mail to collect debts owed to others. Defendant denies any remaining allegations contained in this paragraph.**

39. As the Letter was a form letter, each class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

**ANSWER: Defendant denies the allegations of this paragraph.**

40. Plaintiff Williams's claims are typical of the claims of the classes. Common questions of law or fact raised by this class action complaint affect all members of each class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of each class. This class action.is superior to other available methods for the fair and efficient adjudication of this controversy.

**ANSWER: Defendant denies the allegations of this paragraph.**

41. The prosecution of separate actions by individual members of the classes would create a risk inconsistent or varying adjudications with respect to individual members of the classes would, as a practical matter, either be dispositive of the interests of other members of the classes not party to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER: Defendant denies the allegations of this paragraph.**

42. Plaintiff Williams will fairly and adequately protect and represent the interests Of each class. The management of the class actions proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the classes, because Defendant's conduct was perpetrated on all members of each class and will be established by common proof. Moreover, Plaintiff Williams has retained counsel who has had prior classes certified, including class actions brought under the FDCPA.

**ANSWER: Defendant denies the allegations of this paragraph.**

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—IRS CLASS

43. Plaintiff re-alleges the above as if set forth fully in this count.

**ANSWER: Defendant restates and re-alleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.**

44. CPA used unfair means to collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f, by mimicking the IRS on a collection notice.

**ANSWER: Defendant denies the allegations of this paragraph.**

45. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included symbols associated with the IRS on a collection letter.

**ANSWER: Defendant denies the allegations of this paragraph.**

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—BARCODE CLASS

46. Plaintiff re-alleges the above as if set forth fully in this count.

**ANSWER: Defendant restates and re-alleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.**

47. CPA used language and symbols on an envelope other than the debt collector's address, in violation of 15 U.S.C. §§ 1692f(8), when it included a bar code containing Plaintiff's account number on the back of the envelope.

**ANSWER: Defendant denies the allegations of this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, CREDIT PROTECTION ASSOCIATION, L.P., by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant has policies and procedures in place to ensure that any correspondence sent to debtors are sent in a method that the account information is shielded from public view and only visible once the correspondence is opened. Defendant has policies and procedures to ensure that it does not send correspondence to debtors which reveal personal financial information to the public view. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

2. Defendant denies that Plaintiff has suffered any damages as a result of Defendant's conduct. Plaintiff has not showed any damages which can be contributed to the specific actions of Defendant alleged in this case.

3. Defendant affirmatively states that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

## ADDITIONAL DEFENSES UNIQUE TO THE PUTATIVE CLASSES

4. Defendant states that additional affirmative defenses may exist as to individual class members in the event (and to the extent) a class is certified, such as consent, the Voluntary Payment Doctrine, res judicata, class members who filed for Chapter 7 bankruptcy, estoppel, statute of limitations, and other individual defenses not presently known. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, CREDIT PROTECTION ASSOCIATION, LP, requests that Plaintiff's Complaint be dismissed with prejudice and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ *Lindsey A.L. Conley*
Lindsey A.L. Conley

Justin M. Penn
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lconley@hinshawlaw.com

**CERTIFICATE OF SERVICE**

    I, Lindsey Conley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 151 North Franklin Street, Chicago, Illinois 60606, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, on December 13, 2019.

| | |
|---|---|
| ☒ CM/ECF | *Attorneys for Plaintiff(s)* |
| ☐ Facsimile | Michael J. Wood |
| ☐ Federal Express | Celetha Chatman |
| ☐ E-Mail & U.S. Mail | COMMUNITY LAWYERS GROUP, LTD. |
| ☐ Messenger | 20 N. Clark Street, Suite 3100 |
| | Chicago, IL 60602 |
| | Phone: (312) 757-1880 |
| | Fax: (312) 265-3227 |
| | cchatman@communitylawyersgroup.com |

Justin M. Penn
Lindsey A.L. Conley
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
lconley@hinshawlaw.com

*/s/ Lindsey Conley*
Lindsey Conley
One of the Attorneys for Defendant